**FILED**

**JUL 1 0 2013**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 13-30159 WDS |
| vs. ) | |
| ) | Title 18, United States Code, Section 1347 |
| ) | |
| ROSLYN R. JAMES, ) | |
| ) | |
| Defendant. ) | |

# INDICTMENT

**THE GRAND JURY CHARGES:**

1. **ROSLYN R. JAMES** defrauded the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to

use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. On July 8, 2008, **JAMES** contacted the DHS office and requested more supervision hours for her son because she was working full-time.

4. On December 4, 2009, **JAMES** completed an Employment Agreement between Customer (her son) and a Personal Assistant by the name of LS.

5. On July 26, 2012, **JAMES**, in furtherance of the scheme to defraud, signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form acknowledging her awareness of DORS Home Services policies including:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

6. From on or about July 15, 2010, through on or about July 31, 2012, **JAMES**, in furtherance of the scheme to defraud, completed Home Service Time Sheets and fraudulently claimed and received approximately $50,568.12 from the Illinois Medicaid Home Services Program for personal assistant services that **JAMES** claimed had been performed by LS, when in fact LS did not provide the services and could not have provided the services because LS had moved to the state of California. Each form included the following warning:

2

- *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

7. On or about July 31, 2012, **JAMES** completed a Home Services Individual Provider's Last Day of Employment Form falsely reporting that the last day LS worked for **JAMES'** son as a personal assistant was on July 31, 2012.

### COUNT 1
### Health Care Fraud

8. Paragraphs 1 through 8 are realleged; and incorporated in Count 1.

9. From on or about July 15, 2010, through on or about July 31, 2012, in Madison County, within the Southern District of Illinois,

### ROSLYN R. JAMES,

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed in violation of Title 18, United States Code, Section 1347.

A TRUE BILL

RANLEY R. KILLIAN
WILLIAM E. COONAN
Assistant United States Attorneys

STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond: $10,000 unsecured

3